Winship Nunnally v. Commissioner.
Nunnally v. Commissioner
Docket No. 1741.
United States Tax Court
1946 Tax Ct. Memo LEXIS 153; 5 T.C.M. (CCH) 562; T.C.M. (RIA) 46162; June 27, 1946
*153 John E. McClure, Esq., 920 Southern Bldg., Washington, D.C., M. E. Kilpatrick, Esq., and Granger Hansell, Esq., 401 Trust Co. of Georgia Bldg., Atlanta, Ga., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency in gift tax in the amount of $292,561.67 for the year 1939. The parties having stipulated as to a question of valuation, one issue remains: whether respondent erred in asserting a deficiency in gift tax against petitioner with respect to petitioner's termination in 1939 of his power to revoke, alter, or amend a trust created by his father in 1931 for the benefit of the latter's grandchildren in view of petitioner's prior exercise of such power and of his other powers under the trust. The facts have been stipulated and are hereby found accordnigly. So far as material, they may be summarized as follows: Petitioner is an individual residing in Atlanta, Georgia. His gift tax return for the year involved was filed with the collector of internal revenue for the district of Georgia. Under the date of April 3, 1931, petitioner, acting as attorney in fact for his father *154 James H. Nunnally, joined in the execution of an indenture of trust whereby petitioner's father created a trust with the Central Hanover Bank and Trust Company, New York, as trustee. The trust was for the benefit of the grantor's five grandchildren, four of whom were children of petitioner and one of whom was a child of the grantor's daughter, Frances Nunnally Goodrich. The income from four-fifths of the trust estate was to be paid to petitioner and the income from one-fifth to Goodrich, "to be used by them in their absolute discretion for the support and education" of the named beneficiaries. The payees were under no obligation to account for the expenditure of such funds. Upon each of the beneficiaries attaining age 25, an aliquot part of the corpus was to be distributed to such beneficiary, with provision in case of predecease prior thereto. Among powers and authority granted petitioner were the following: (1) direction of the nature of the investments of the trust estate; (2) appointment of successor trustee if the named trustee resigned during petitioner's lifetime; (3) receipt of semi-annual statements of the trustee; (4) consent to settlement of claims by or against *155 the trust estate; (5) voting of stock owned by the trust estate; and (6) "the power, whenever in his judgment it is to the interest of said trust estate to do so, by written instrument properly executed and acknowledged, to revoke this trust or alter or amend any term or provision thereof, including change of Trustee or beneficiaries in any way and to any extent that may seem to him desirable, except that the said Winship Nunnally shall have no power to diminish the compensation of the Trustee. Upon delivery to the Trustee by said Winship Nunnally of such instrument made under the powers herein conferred upon him, this trust indenture shall be deemed to have been revoked, altered or amended, to the extent therein set forth." Between August 1933 and December 1939, pursuant to the power granted, petitioner amended the trust indenture five times. So far as material, these amendments were as follows: (1) The original trust estate was to be divided into five equal parts, and five trust estates were to be created, each for the benefit of a grandchild of petitioner's father. Petitioner retained his right to alter or amend the trust instrument, in these terms: Winship Nunnally shall *156 have the power, whenever in his judgment it is desirable to do so, by a written instrument, properly executed and acknowledged, to alter or amend any term or provision of the trust agreement or amendments thereto to any extent that may seem to him desirable, except that Winship Nunnally shall have no power to diminish the compensation of the Trustee, nor to make any alteration or amendment which would direct the payment of any of the principal or income to the Grantor. Upon the delivery to the Trustee by Winship Nunnally of any such instrument of amendment made under the powers herein conferred upon him, the Trust Indenture shall be deemed to have been altered or amended to the extent therein set forth. (2) The trust indenture was to be construed according to the laws of Georgia in so far as the disposition of principal and income was concerned but questions relating to administration were to be governed by the laws of New York. The original instrument provided for construction under applicable New York laws in all phases. (3) The commissions of the trustee were increased. (4) The time of distribution of corpus to the beneficiaries was changed. (5) The final amendment on December 28, 1939, contained *157 petitioner's relinquishment of his right to alter and amend: From and after the date hereof all powers of amendment, alteration or revocation conferred upon Winship Nunnally, Sr. by virtue of the provisions of paragraph 13 of the original Trust Agreement, as such Article may have been subsequently amended by later alterations in the trust, shall be terminated, effective on the date hereof, and Winship Nunnally, Sr., after the date hereof, shall have no power of alteration, amendment or revocation. The property involved in this proceeding has an agreed value of $1,533,292.07 as of December 28, 1939. On August 24, 1937, the Tax Court, then known as the Board of Tax Appeals, entered a "Memorandum Opinion" in Docket No. 86598 in which petitioner's father was petitioner, the question at issue being whether, under the provisions of the Revenue Act of 1932, the income derived from the 1931 trust could be included in the income of James H. Nunnally in computing his net income subject to income tax for the years 1932 and 1933. It was held, inter alia, that the present petitioner had a substantial adverse interest in the corpus of the trust, and decision was thereafter entered that there *158 were no deficiencies in income tax for the years involved. The facts appearing in the stipulation of that record were duly sworn to by the present petitioner under the date of February 19, 1937. Respondent in his notice of deficiency determined that petitioner's "relinquishment of the powers * * * [under the original trust indenture] constituted a gift * * * of all the assets at that time held by the trustee under the terms of said trust instrument." No ground advanced here to distinguish Edith Evelyn Clark, 47 B.T.A. 865 (acq. 1942-2, C.B. 4) seems to us persuasive. Henry F. DuPont, 2 T.C. 246, is reconcilable with both the Clark case and this proceeding, in that the taxpayer-donor there was the original grantor of the trust. Respondent virtually so concedes, except for his contention that the present petitioner, by his previous actions, in effect constituted himself the grantor. He views the earlier amendments, made by petitioner pursuant to his power to alter the terms of the trust, as tantamount to the creation of new trusts of which he thereby became the grantor. But the most significant element of conduct of that sort, the creation of new *159 beneficiaries, was absent in this instance. Under such circumstances, the law views the estates of the donees as the creatures, not of the exercise of any power, but of the original gift. See Helvering v. Grinnell, 294 U.S. 153. What petitioner retained thereafter, and relinquished in the tax year in issue, was not correspondingly of his own granting but the residue of the original power bestowed upon him by the primary donor. See Amelia Solomon, 43 B.T.A. 234, affirmed (C.C.A., 3rd Cir.) 124 Fed. (2d) 86. That we held in J. H. Nunnally, Docket No. 86598, B.T.A. Memorandum Opinion, (August 24, 1937) that the present petitioner had an adverse interest in this trust, would not demonstrate that petitioner was its grantor. He might have had a mere general power, see Commissioner v. Prouty, (C.C.A., 1st Cir.) 115 Fed. (2d) 331, or even have been so endowed with extensive controls that for income tax purposes he would be treated as the owner. Edward Mallinckrodt, Jr., 2 T.C. 1128, affirmed (C.C.A., 8th Cir.) 146 Fed. (2d) 1, certiorari denied, 324 U.S. 871; H. S. Richardson, 42 B.T.A. 830, *160 affirmed (C.C.A., 2nd Cir.) 121 Fed. (2d) 1, certiorari denied, 314 U.S. 684. The same was true in the Clark case and was regarded as of no consequence. Not as the basis for a plea of res judicata, but because of statements made by petitioner himself in the course of the proceedings, we overrule petitioner's objection to the introduction in evidence of the record in the prior proceeding. But, as we have said, we find nothing in it to change the result. For the reasons stated, the deficiency seems to us to have been erroneously determined. See I.R.C., Section 1000 (c) as added by Revenue Act of 1942, Section 452. Decision will be entered for the petitioner.